JAMES A. CONNER, d. b. a. v. JOHN P. REARDON, p. b. r.

*Justice of the Peace—Jurisdiction—Form of Action.*

An action of trespass for damage to fruit in baskets by the driving a wagon over the same may be maintained before a justice of the peace.

An appeal from an action of trespass before a justice of the peace may be declared on either in trespass or case.

(*New Castle, November, 1887.*)

APPEAL from a Justice of the Peace in and for New Castle County.  Decided on demurrer to the declaration.

Plaintiff filed the following narr.  ·

1.  For that the said defendant on the fourth day of September and on divers other days and times before the commencement of this suit, with force and arms, to wit, at New Castle county aforesaid, seized, took and carried away certain goods and chattels of the plaintiff, to wit, thirty-three baskets each containing about five-eighths of a bushel of peaches of great value, to wit, of the value of fifty dollars, and converted and disposed of the same to his own use.

2.  For that the said defendant on the day and year aforesaid with force and arms, to wit, at New Castle county aforesaid, seized and took certain other goods and chattels of the said plaintiff, to wit, thirty-three other baskets each containing about five-eighths of a bushel of peaches, and overturned, bruised, damaged and destroyed the same, and also drove a certain wagon through, upon and over the said goods and chattels, so that the wheels of said wagon crushed, broke, damaged and destroyed the said goods and chattels of the said plaintiff, of great value, etc.

To said declaration the defendant demurred and assigned the following reasons.

First—FOR that in and by the said declaration, in the second count thereof, the said plaintiff hath declared and complained against the said defendant in a Plea of Trespass, for the alleged

forcible taking over-turning, bruising, damaging and destroying certain goods and chattels by the wheels of a wagon, which it is alleged the defendant drove, being for indirect or consequential injury and damage. And also, for that there are in the same count pretended causes of action, different in their natures, comprehended and included in the same count, to wit: a pretended cause of action founded on a supposed direct and immediate injury to said goods and chattels, and a pretended cause of action grounded on indirect and consequential injuries to said goods and chattels; which are incompatible with each other, and ought not to be joined in the same count: for that indirect and consequential injuries are not within the jurisdiction of a Justice of the Peace where the case originated; and also, that the said declaration and said counts are in other respects uncertain informal and insufficient.

*Henry C. Conrad*, for appellant:

1. The plaintiff erred in joining two distinct and separate causes of action in one and the same suit, to wit: Trespass, for direct and immediate injury, and Trespass on the case, for indirect and remote injury.

2. The jurisdiction given to Justices of the Peace by Statute is *"for direct and immediate injuries,"* and no cause of action founded upon an indirect injury is cognizable before a Justice.

See *Revised Code*, 625.

3. The Superior Court will not try on an appeal from a Justice of the Peace, a case not within his jurisdiction, though the case be within the original jurisdiction of the Superior Court.

The first and second grounds of demurrer are to the same effect, viz.: The misjoinder in the same count of the elements of a count on trespass and a count in trespass on the case.

The demurrer claims the words of the count "and also drove a certain wagon through, upon and over the said goods and chattels, so that the wheels of said wagon crushed, broke, damaged and destroyed the said goods and chattels," are words descriptive of an

indirect or consequential injury. It is claimed on behalf of the respondent that such is not the effect of the words.

An injury is considered as immediate when the act complained of itself, and not merely a consequence of the act, occasions the injury.

See 1 *Chitty on Pleading,* \*144.

The act of driving a wagon against a person or his property is used in *Chitty on Pleading* (vol. 1, \* page 144) as an illustration of a direct and immediate injury.

*Leame v. Bray,* 3 East, 593.

It is submitted, therefore, that the allegations of injury by the wagon show a direct and immediate injury to goods and chattels and therefore such allegations are not incompatible with allegation of seizing, taking, etc., and if not incompatible there can be no reason why they should not be joined in the same count, they being together descriptive of connected acts of trespass simultaneously committed, and constituting one injury.

But even if the act of driving the wagon upon goods and chattels be an indirect injury and as such not within the jurisdiction of the Court below, it does not therefore make the whole declaration insufficient, there still remaining in it a sufficient allegation of a direct and immediate injury of which the Justice of the Peace did have jurisdiction.

HOUSTON, J. The case below was an action of trespass before a Justice of the Peace for direct and immediate injury for destroying certain goods and chattels of the plaintiff below named in the statement filed before the Justice and in the declaration here, and as alleged in them it clearly imports a direct and immediate injury, and not a consequential injury, to the goods and chattels mentioned, which were directly destroyed by the wrongful act alleged in the declaration, and not indirectly as the necessary consequence of the act merely. At common law, therefore, as stated and alleged it was a proper case for an action of trespass *vi et armis,* and not an

action of trespass on the case for consequential damages. But the distinction between the actions at common law has long since been abolished by statute in this state which provides that " In all actions on the case, it shall be no objection to maintaining such actions that, but for this section, the form therefore should have been tresspass; and in all actions of trespass it shall be no objection to maintaining such actions that, but for this section, the form thereof should have been case." Sec. 11, Rev. Code, 648. And this case having come up in this Court on appeal from an action of trespass before a Justice of the Peace, it can be no objection to maintaining the action on the appeal whether the form of it here is in trespass or is in case. The demurrer is overruled.